**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LARRY COZORT,**

      **Plaintiff,**

**-vs-**                **Case No. 6:04-cv-1224-Orl-19DAB**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

      **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORY (Doc. No. 40)**
>
> **FILED:** April 27, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part, without prejudice.

Plaintiff sued his insurance company for bad faith practices, pursuant to Florida Statute § 624.155, following his successful coverage action against the company. This suit was brought originally in state court and Defendant removed to this forum, based on an assertion of diversity jurisdiction. Plaintiff propounded a Request for Production of Documents and Interrogatories, and Defendant responded, asserting numerous objections, mostly based on the work product doctrine and

attorney client privilege. In conjunction with its objections, Defendant tendered a voluminous privilege log (Doc. No. 40, Ex. 1).

On April 7, 2005, the Florida Supreme Court issued its opinion in *Allstate Indemnity Company v. Ruiz,* __ So. 2d. __, 2005 WL 774838 (Fla. 2005), holding that all materials in claim and litigation files were discoverable in bad faith actions brought pursuant to state law. Plaintiff filed the instant motion, asserting that *Ruiz* controls here and urging production of all materials withheld by Defendant. Defendant has responded (Doc. No. 41) by asserting that *Ruiz* is limited to only work product, and does not apply in federal courts; and even if *Ruiz* did apply, the items are protected as attorney-client privileged and discovery is not appropriate.[1]

For the reasons set forth herein, the Court finds that *Ruiz* does, indeed, apply here, but finds that Defendant must be given an opportunity to tender an amended privilege log with respect to documents which relate solely to the present litigation (and not the underlying coverage claim and litigation). Once the list is tendered, the parties are to confer and if a good faith conference does not result in an agreement, the motion can be renewed with respect to items in dispute. In the meantime, all items pertaining to the underlying coverage dispute and litigation shall be produced to Plaintiff within 11 days of this Order.

### *ANALYSIS*

Plaintiff seeks discovery of his insurer's claim, underwriting and investigative files, correspondence, and documents evidencing bad faith notices filed against it. In response, State Farm has agreed to produce some documents, but has objected to the vast majority of the requests, citing

---

[1] State Farm also contends that the motion does not comply with Local Rule 3.01(g), an argument which the Court finds to be without merit.

work-product immunity and attorney-client privilege. State Farm has tendered a voluminous privilege log which includes more than 200 separate entries.

In *Ruiz,* the Florida Supreme Court squarely addressed the discoverability of materials in claim and litigation files in the context of bad faith actions under Florida law. The court traced the history of bad faith actions in Florida, and the outgrowth of discovery disputes in this unique situation where the fiduciary is the adversary. Recognizing that "the claim file type material presents virtually the only source of direct evidence with regard to the essential issue of the insurance company's handling of the insured's claim"
2005 WL 774838 at 7, the court ordered it disclosed. (Agreeing with the court in *Fidelity & Casualty Insurance Co. of New York v. Taylor,* 525 So. 2d 908, 909-10 (Fla. 3rd DCA 1987), which noted that the "pertinent issue is the manner in which the company has handled the suit including its consideration of the advice of counsel so as to discharge its mandated duty of good faith. Virtually the only source of information on these questions is the claim file itself. Accordingly . . . it has been consistently held in our state that a claim file is subject to production in such an action." *Id.* at 8.

The *Ruiz* court thus clarified the law as follows:

Consistent with the analysis outlined, we hold that in connection with evaluating the obligation to process claims in good faith under section 624.155, all materials, including documents, memoranda, and letters, contained in the underlying claim and related litigation file material that was created up to and including the date of resolution of the underlying disputed matter and pertain in any way to coverage, benefits, liability, or damages, should also be produced in a first-party bad faith action. Further, all such materials prepared after the resolution of the underlying disputed matter and initiation of the bad faith action may be subject to production upon a showing of good cause or pursuant to an order of the court following an in-camera inspection.

*Allstate Indem. Co. v. Ruiz*, 2005 WL 774838 at 8. The Florida Supreme Court has thus held that the nature of the underlying cause of action mandates that the *entire* claim file is discoverable in a bad faith action brought in state court. After *Ruiz,* it is clear that Florida recognizes no privileges or limitation with respect to claim file materials in such an action.

Defendant contends that despite the clear and unequivocal language used by the Florida court, *Ruiz* is inapplicable in federal court and does not apply to attorney-client privilege protected documents. Defendant also seeks to create a distinction between first party bad faith actions and third party suits. The Court is unpersuaded.

State Farm cites to this district's holding in *Auto Owners Ins. Co. v. Total Tape, Inc.,* 135 F.R.D. 199, 201 (M.D. Fla. 1990), that federal law provides the decisional framework with respect to the work product doctrine and thus, "Florida state court cases on discoverability of claims files are not binding." We do not find this *pre-Ruiz* opinion to be dispositive of the issue here. The work product at issue in the underlying coverage litigation was created with respect to the then pending *state* court case. As the coverage litigation was initiated, litigated, and resolved solely in state court, Rule 26 of the Federal Rules of Civil Procedure does not apply to any work product relating to that litigation. Any work product protection that attaches to documents created in connection with state court proceedings must necessarily flow from state law. Here, that law is set forth in *Ruiz*. The documents must be produced.

Even if federal law did control, the Court would reach the same result. Rule 26(b)(3), Federal Rules of Civil Procedure, provides that a party can obtain discovery of documents otherwise discoverable and prepared in anticipation of litigation or for trial by or for another party or representative (including an attorney) "only upon a showing that the party seeking discovery has

substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."   Thus, the immunity is qualified and, under the traditional Rule 26 analysis, the items are discoverable upon a sufficient showing of substantial need and undue hardship.  *See Hickman v. Taylor,* 67 S. Ct. 385, 329 U.S. 495, 91 L. Ed. 451 (1947).  Such a showing is present here. The Court agrees with the Florida Supreme Court that, in the context of bad faith actions, the only evidence of the claim itself is the entire claim file, including the impressions and advice of counsel.  This meets the substantial need and undue hardship tests, sufficient to require production over an assertion of work product immunity.  Thus, even if Rule 26 did apply to the coverage action in state court, Plaintiff would still be entitled to production of the claim file and litigation files of the coverage action.

The Court is not unmindful of the distinction made between so-called "opinion" work product (that is, the mental impressions of the attorney) and other trial preparation work product materials (such as witness statements).  While opinion work product is generally entitled to a higher degree of protection, such protection is not absolute and disclosure may be compelled in rare circumstances. *See, generally, Upjohn Co. v. United States,* 101 S. Ct. 677, 688, 449 U.S. 383, 401, 66 L. Ed. 2d 584 (1981); *Williamson v. Moore,* 221 F. 3d 1177, 1182 (11th Cir. 2000) ("While opinion work product enjoys almost absolute immunity, extraordinary circumstances may exist that justify a departure from this protection."). Federal courts have found the existence of such circumstances in the bad faith lawsuit context, where the information sought is directly at issue and the need for its production is

compelling. *See Holmgren v. State Farm Mutual Ins. Co.,* 976 F. 2d 573, 577 (9th Cir. 1992) (bad faith insurance claim case–plaintiff allowed discovery of handwritten memoranda prepared by adjuster even though it qualified as opinion work product); *Hartman v. Banks,* 164 F.R.D. 167 (E.D. Pa. 1995) (action for intentional infliction of emotional distress relating to efforts to obtain allegedly inadequate settlement–claimant allowed opinion work product of insurer); *Reavis v. Metro. Property & Liability Ins. Co.*, 117 F.R.D. 160, 164-65 (S.D. Cal.1987) (same). For the reasons set forth by the Florida Supreme Court in *Ruiz,* this Court holds that the mental impressions of State Farm's counsel are directly at issue here, and thus, exceptional circumstances justify invading the opinion work product immunity pertaining to any such documents created as part of the coverage litigation.

With respect to assertions of attorney-client privilege, State Farm fares no better. Federal Rule of Evidence 501 provides, in pertinent part, that in civil actions where state law supplies the rule of decision, the privilege of a witness shall be determined in accordance with state law. As set forth by the Florida Supreme Court in *Ruiz*, state law recognizes no attorney-client privilege in the context of bad faith claims, with respect to coverage issues. The Florida court used broad language to clarify that "all materials" must be produced. "All materials" necessarily includes materials between the insurance company and its counsel regarding coverage issues.[2] Thus, to the extent *Ruiz* implicates a claim of attorney-client privilege, *Ruiz* is applicable in this diversity suit under FRE 501. As such,

---

[2] Note the Florida court's approval of the "including . . . consideration of the advice of counsel" language quoted above, and the court's direct mention of "litigation files."

Plaintiff is entitled to production of all claim file or litigation file materials pertaining to coverage issues, despite State Farm's assertion of attorney-client privilege.[3]

The parties are currently in litigation and State Farm may be entitled to assert attorney-client privilege and, to a lesser extent, work product protection for appropriate documents created *after* the underlying coverage litigation ended. These documents should be clearly identified as post-coverage litigation documents on the amended privilege log, and described with sufficient specificity to allow for evaluation of the applicability of any such privilege or protection. The motion is **granted, in part** in that all objections pertaining to any claim or coverage file or underlying claim litigation files are overruled and the documents shall be produced within 11 days of this Order, and **denied, in part, without prejudice** with respect to documents relating solely to *this* lawsuit, subject to the tender of an amended privilege log.

> **MOTION:** **RENEWED MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY (Doc. No. 43)**
>
> **FILED:** May 13, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

State Farm seeks "better" responses to discovery, asserting that "the tardy, unverified responses

Plaintiff provided to State Farm's discovery requests are unsworn, evasive, incomplete, nonresponsive

---

[3] The Court is not persuaded by State Farm's analysis of pre-*Ruiz* case law regarding attorney-client privilege in this context. Nor is the Court swayed by State Farm's analysis regarding distinctions between first and third party bad faith suits. Florida has now abolished "artificial and disparate discovery rules" with respect to "first-and third-party bad faith actions." *Ruiz* 2005 WL 774838 at 7.

and argumentative."

The responses were, indeed, tardy, and the Court agrees with State Farm that the responses must be verified by Plaintiff. According to Plaintiff's response papers, however, the responses have since been supplemented so that they are no longer "incomplete." To the extent State Farm finds the responses to be evasive or non-responsive, the Court finds that any ambiguity in the responses can be rectified by deposition of the Plaintiff or his counsel from the underlying litigation. As for the objection that the responses are argumentative, the Court does not find this to be the case. Obviously, the very nature of the litigation involves a disagreement between the parties. Merely stating the basis for the disagreement, in response to an Interrogatory that asks for same, is not 'argumentative.' Again, to the extent State Farm wishes more detail, it can explore further at deposition. That said, the Court turns to the specific requests in question:

Interrogatory 1-the motion is **granted** and Plaintiff shall provide a personally verified, signed response to the discovery requests within 11 days of this Order.

Interrogatory 3-the motion is **granted** and Plaintiff is directed to supplement his answer within 11 days of the date of this Order, with an itemization of his claimed damages.

Interrogatory 4-the motion is **denied.** The Interrogatory is ambiguous and State Farm can inquire at deposition.

Interrogatory 5-the motion is **denied.** State Farm asks Plaintiff for the basis of his allegation that State Farm made material misrepresentations, and then objects when Plaintiff answers the question by referring to the mediations in the underlying litigation. While both sides agree that mediation or settlement statements are confidential under Florida law, the Court reminds the parties that this is a bad faith claim, the basis of which is, among other things, State Farm's actions with

-8-

respect to failure to settle the underlying claim.  In such a situation, there is no privilege in *this* case, with respect to mediations in the underlying litigation.

Interrogatories 7, 8 and 9-the motion is **denied.**

Interrogatory 10-According to Plaintiff, these medical records have since been produced.  The motion is therefore **denied, as moot.**

Interrogatory 11-the motion is **denied.**  This topic can be explored in depth at a deposition.

Interrogatory 12-the motion is **granted** to the extent this involves a detailed damages calculation, as directed for Interrogatory 3.

With respect to the Request to Produce, it appears from Plaintiff's response to the motion that additional records have been produced, and Plaintiff is to be deposed.  The motion may thus be moot. To the extent it is not moot, the Court finds that the Requests are proper and Plaintiff is ordered to produce any additional responsive documents within 11 days of this Order.

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR PROTECTIVE ORDER (Doc. No. 45)** |
| **FILED:** | **May 31, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Stipulations such as this are self-effectuating and need not be filed with the Court, unless they interfere with the close of discovery or any other case management deadline and the scheduling order needs to be modified. *See* Rule 29, Federal Rules of Civil Procedure. The motion is denied, as unnecessary.

**DONE** and **ORDERED** in Orlando, Florida on June 3, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record